**Dan BUCKLEY, Plaintiff,**

v.

**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant.**

**No. 95 CV 2404(BDP).**

United States District Court, S.D. New York.

Aug. 1, 1996.

Robert D. Goodstein, Goodstein & West, New Rochelle, NY, for Plaintiff.

Carol Sobin, Law Department, Consolidated Edison Company of New York, Inc., New York City, for Defendant.

## MEMORANDUM DECISION and ORDER

PARKER, District Judge.

This action for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111–12117, and the New York State Executive Law § 296 is before this Court on defendant's motion to dismiss the amended complaint for failure to state a claim pursu-ant to Rule 12 of the Federal Rules of Civil Procedure. In a Memorandum Order and Decision, dated December 22, 1995, this Court granted defendant's previous motion to dismiss the complaint on the grounds that plaintiff had not alleged facts supporting his claim that he was discriminated against on the basis of his disability, but granted plaintiff leave to replead.

The following facts, alleged in the complaint, are accepted as true for purposes of this motion to dismiss, *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Plaintiff Dan Buckley was a management employee for defendant Consolidated Edison Company of New York, Inc. ("Con Edison") from February 23, 1976 until July 1, 1994. In 1991, Buckley was identified as an "alcohol/substance abuser." In 1991 and 1993, Buckley received month-long treatment for alcohol/substance abuse in a residential treatment facility. Since 1991, Con Edison has required Buckley to submit to random drug testing on approximately a monthly basis. Employees who are not identified as recovering alcohol/substance abusers are randomly tested approximately once every five years. Buckley also has a bladder condition that prevents him from urinating under observation or on command.

On June 24, 1994, Buckley was called to Con Edison's medical facility for drug testing. A sample of Buckley's blood was drawn for testing, but Buckley failed to provide a urine specimen in the time allotted. His request for additional time was denied. Later, Buckley went to Beth Israel Hospital, where a urine specimen was taken from him under observation. The results were sent to Con Edison. Nevertheless, Buckley was terminated from his employment on July 1, 1994.

On April 10, 1995, Buckley filed this action for monetary and injunctive relief alleging that Con Edison's testing procedures were not "reasonable" under the ADA and that he was terminated solely because of his disability. Con Edison moves to dismiss on the grounds that Buckley has failed to allege that he was discriminated against because of his disability.

**106**

The ADA provides that no employer "shall discriminate against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112. Under the ADA, a "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual ..." 42 U.S.C. § 12102(2). The complaint alleges that Buckley is a rehabilitated "alcohol/substance abuser." Based on this allegation, this Court found, in its previous opinion of December 22, 1995, that Buckley had adequately alleged a "disability" under the ADA. This Court also found, however, that the complaint failed to state a claim because it failed to allege that Buckley was discriminated against on the basis of that disability. Rather, the complaint alleged that he was terminated because he was unable to provide a urine sample due to a bladder condition that prevented him from urinating in public or on command. Because the complaint alleged in only the most conclusory fashion that his bladder condition was a disability under the ADA, the Court granted Buckley leave to replead to correct this deficiency.

In his amended complaint, Buckley concedes that his bladder condition is not a disability under the ADA. He alleges, however, that Con Edison's drug testing procedure is not reasonable, and therefore, violates the ADA. Section 12114(b) specifically states that "it shall not be a violation of this chapter for a covered entity to adopt or administer reasonable policies or procedures, including but not limited to drug testing, designed to ensure that an individual described in paragraph 1 or 2 is no longer engaging in the illegal use of drugs." 42 U.S.C. § 12114(b). Buckley alleges that Con Edison's drug testing was not a reasonable policy or procedure because it required a urine sample within an allotted period of time.

Section 12114(b), however, merely makes clear that, although a rehabilitated drug abuser is not exempt from the term "qualified individual with a disability," drug testing by an employer does not violate the ADA. It does not provide that unreasonable drug testing is a per se violation of the ADA. Rather, § 12112 defines what conduct is prohibited under the ADA. Under § 12112, drug testing, like any other conduct, violates the ADA if it fails to accommodate reasonably "the known physical or mental limitations of an otherwise qualified individual with a disability," 42 U.S.C. § 12112(b)(5)(A), or otherwise "discriminate[s] against a qualified individual with a disability because of the disability," 42 U.S.C. § 12112(a), (b). *Cf. Loder v. City of Glendale*, 42 Cal.App.4th 1383, 34 Cal.Rptr.2d 94, 103 (1994) ("While it is true that ... the Americans with Disabilities Act ... [does not] prohibit drug testing, it is only reasonable to require that if drug testing is to be conducted, it may not be implemented in a manner which constitutes a de facto violation of th[e] act[ ].").

In his amended complaint, Buckley has not alleged that Con Edison's drug testing procedures unreasonably failed to accommodate his disability as an alcohol/substance abuser. Rather, he continues to allege that, in requiring a urine sample within a specified period of time, Con Edison's procedures unreasonably failed to accommodate his bladder condition. Because Buckley concedes that his bladder condition is not a disability under the ADA, however, Con Edison's failure to accommodate it cannot constitute a violation of the ADA.[1]

In conclusion, defendant's motion to dismiss the complaint is granted. The Clerk of the Court is directed to close the case.

SO ORDERED.

---

1. Having determined that Buckley's federal claim must be dismissed, this Court declines to exercise its supplemental jurisdiction over the pendant state law claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).